**ROSE LAW, A PROF. CORP.**
  Joseph W. Rose (State Bar No. 232261)
  Mehran Tahoori (State Bar No. 283313)
11335 Gold Express Drive, Suite 135
Gold River, California 95670
Telephone:      (916) 273-1260
Facsimile:      (916) 290-0148
Email:          legalteam@joeroselaw.com

**VELARDE & VELARDE**
 Michael E. Velarde (State Bar No. 266272)
1750 S. Coast Hwy, Ste. 8
Laguna Beach, CA 92651
Telephone:      949-492-4241
Facsimile:      949-606-7168
Email:          mvelarde@michaelvelardelaw.com

Attorneys for Plaintiffs and the Plaintiff Class,
FREDRICK STEMME, MAMADOU H. SY,
WILLIAM H. DAVIS, JR., MOHAMMED Q. MOHIUDDIN,
ROLAIN ALEXIS

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| FREDRICK STEMME, MAMADOU H. SY, WILLIAM H. DAVIS, JR., MOHAMMED Q. MOHIUDDIN, ROLAIN ALEXIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> *v.* <br><br> UNIVERSAL PROTECTION SERVICE, L.P., GUARDSMARK, L.L.C., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **CLASS / COLLECTIVE ACTION COMPLAINT FOR:** <br><br> 1.  Violation of the FLSA (29 U.S.C. § 201); <br> 2.  Failure to Provide Meal Breaks and Rest Periods (Lab. Code §§ 226.7, 512); <br> 3.  Failure to Pay Minimum Wage (Lab. Code §§ 1194, 1194.2, 1197); <br> 4.  Unpaid Overtime Wages (Lab. Code, §§ 510); <br> 5.  Failure to Provide Accurate Itemized Wage Statements (Lab. Code 226); <br> 6.  Failure to Timely Pay Wages Due at Termination (Lab. Code, § 201-203); <br> 7.  Violation of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200, et. seq.); and <br><br> **DEMAND FOR JURY TRIAL** |

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

Plaintiffs Fredrick Stemme, Mamadou H. Sy, William H. Davis, Jr., Mohammed Q. Mohiuddin, Rolain Alexis (collectively "Plaintiffs"), for themselves and on behalf of all others similarly situated, and demanding a jury trial, complain and allege on information and belief, except for their own acts and knowledge, against Defendants Universal Protection Service, L.P., Guardsmark, L.L.C., and Does 1 through 10, inclusive, ("Defendant Employers") as follows:

## NATURE OF THE ACTION

1.      This is a collective action under the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201), a class action under Federal Rules of Civil Procedure, Rule 23, brought by Plaintiffs for themselves and on behalf of all other similarly situated and aggrieved employees. Plaintiffs and all similarly situated employees are uniformed security guards who have been required to work through their rest periods and meal breaks by vigilantly monitoring their handheld radios and responding when needed, resulting in underpayment of earned wages. The putative class exceeds 250 non-exempt security guards working at airports within California.

2.      Plaintiffs seek certification of a statewide FLSA collective action for recovery of wages, liquidated damages, costs, and attorney's fees under the FLSA for all employees who worked for Defendant Employers at airports within California. Plaintiffs also seek certification of a class action for themselves and similarly situated aggrieved employees who worked at airports within California and are entitled to the protections and remedies of California law including damages under California Labor Code, plus interest, attorney's fees and costs under the California Labor Code. Plaintiffs sue for themselves and on behalf of the putative class for monetary recovery, declaratory and for injunctive relief for violations of California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 et seq.) including full restitution and disgorgement of all compensation retained by the Defendant Employers because of their unlawful and unfair business practices in California.

## THE PARTIES

3.      Defendant Universal Protection Service, L.P. ("Universal") is a business entity, form unknown, organized and existing under the laws of the State of California and headquartered in Santa Ana, Orange County, California. At all relevant times mentioned herein Defendant Universal conducted and continues to conduct substantial and regular business throughout California. Defendant Universal

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

operates a security guard service. Defendant Universal is a "person" as defined by California Labor Code § 18, and by California Business and Professions Code § 17201. Defendant Universal is an "employer" within the meaning of the FLSA as an enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA and has had a gross volume of sales in excess of $500,000, and as defined by both the California Labor Code and the California Industrial Welfare Commission's (IWC) orders regulating wages, hours, and working conditions in that Defendant Universal employed and/or exercised control over wages, hours, and working conditions of Plaintiffs and all others similarly situated as those terms are defined in 29 C.F.R. § 791.2, the IWC and the California Supreme Court in *Martinez v. Combs* (2010) 49 Cal.4th 35.

4.    Defendant Guardsmark, L.L.C. ("Guardsmark") is a limited liability company organized and existing under the laws of the State of Delaware and headquartered in Santa Ana, Orange County, California. At all relevant times mentioned herein Defendant Guardsmark conducted and continues to conduct substantial and regular business throughout California. Defendant Guardsmark operates a security guard service. Defendant Guardsmark is a "person" as defined by California Labor Code § 18, and by California Business and Professions Code § 17201. Defendant Guardsmark is an "employer" within the meaning of the FLSA as an enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA and has had a gross volume of sales in excess of $500,000, and as defined by both the California Labor Code and the California Industrial Welfare Commission's (IWC) orders regulating wages, hours, and working conditions in that Defendant Guardsmark employed and/or exercised control over wages, hours, and working conditions of Plaintiffs and all others similarly situated as those terms are defined in 29 C.F.R. § 791.2, the IWC and the California Supreme Court in *Martinez v. Combs* (2010) 49 Cal.4th 35.

5.    Plaintiffs Fredrick Stemme, Mamadou H. Sy, William H. Davis, Jr., Mohammed Q. Mohiuddin are current employees of the Defendant Employers. Plaintiff Rolain Alexis is a former employee of Defendant Employers who worked for Defendant Employers within the last three years. Plaintiffs and members of the putative class are (were) classified as non-exempt employees paid on an hourly basis and entitled to overtime wages and meal and rest periods., Plaintiffs and members of the putative class work(ed) as uniformed security guards at airports within the State of California including,

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

without limitation, Ontario International Airport and Los Angeles International Airport, where Plaintiffs and members of the putative class provide(d) security on day, swing, and graveyard shifts to customers of the Defendant Employers. Plaintiffs' and putative class members' job duties involve(d), for example, performing security checks of people and motor vehicles to prevent unauthorized access to secure facilities, and monitoring handheld radios for communication and receipt of job assignments.

6.      Within the time period  mentioned in this Complaint, the Defendant Employers were the employers and/or joint employers of Plaintiffs and class members within the meaning of the FLSA (29 C.F.R. § 791.2), California Labor Code, and Division 2, and IWC Wage Order No. 4 in that the Defendant Employers employed and/or exercised control over wages, hours, and working conditions of Plaintiffs and all others similarly situated, suffered or permitted the work of Plaintiffs and others similarly situated, and considering the total employment situation and economic realities of the employment relationship. The Defendant Employers were responsible for compliance with the FLSA, California Labor Code and IWC Wage Order No. 4.

7.      In addition to the Defendant Employers named above, Plaintiffs sue fictitiously Does 1 through 10, because their names, capacities, status, or facts showing them to be liable are not presently known. Plaintiffs will amend this Complaint to show their true names and capacities, with appropriate charging language, when such information has been ascertained. Plaintiffs are informed and believe and thereupon allege that each of the Doe defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' and class members' damages as alleged are proximately caused by such occurrences.

8.      At all times mentioned in the causes of action into which this paragraph is incorporated by reference, on information and belief, every defendant was the principal, partner, agent, servant, employee, co-conspirator, co-employer, and/or alter ego of the remaining defendants. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, every defendant was acting within the course and scope of this agency, partnership, servant, employment, conspiracy and/or alter/ego and was acting with the consent, permission, knowledge and/or authorization of the remaining defendants. All actions of every defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of

the remaining defendants.

## JURISDICTION AND VENUE

9.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 of this Complaint because of the claims arising under the FLSA, 29 U.S.C. § 201. This Court has supplemental jurisdiction under 28 U.S.C. § 1332, subdivision (a), because the remaining wage and other claims under California law are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. Venue is proper under 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, Defendant Universal is a resident of this judicial district, and Defendant Guardsmark regularly transacts business and maintains a corporate office in this judicial district.

## FACTUAL ALLEGATIONS

10.      All the acts and things complained of occurred within the last four (4) years preceding filing of this Complaint, except those complained of under the FLSA, which occurred within the last three (3) years preceding the filing of this Complaint.

11.      Plaintiffs are current and former non-exempt employees of Defendant Employers who worked as uniformed security guards at airports within the State of California including, without limitation, the Ontario International Airport and the Los Angeles International Airport, where Plaintiffs provide around-the-clock security to customers of the Defendant Employers such as, for example, FedEx Corporation.

12.      The Defendant Employers assigned handheld radios to Plaintiffs and, as a uniform company policy and practice, required Plaintiffs and all other similarly situated aggrieved employees at airports within California to keep their handheld radios on and monitor them—even during rest periods and unpaid meal breaks—and to remain vigilant and responsive to calls when needs arose. Consequently, Plaintiffs and all similarly situated aggrieved employees at airports within California were neither relieved of duty during meal breaks nor paid any minimum or regular wages for their labor during these meal breaks as required by California law and the FLSA. Because the Defendant Employers did not include the labor of Plaintiffs and the similarly situated aggrieved employees during meal breaks when calculating wage payments due to employees, these workers also were not paid all weekly overtime

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

premium pay they are owed as required by the FLSA, and daily and weekly overtime premium pay as required by the California Labor Code and Industrial Welfare Commission (IWC) Wage Order No. 4. Plaintiffs and similarly situated aggrieved employees were not permitted to use paid rest periods for their own purposes and relieved of job duties as required by IWC Wage Order 4, subdivision 12(A), and California Labor Code § 226.7, subdivision (b), but were not paid the premium pay set forth in IWC Wage Order 4, subdivision 12(B) and California Labor Code § 226.7, subdivision (c). This unlawful pay policy and practice is ongoing.

13.    Plaintiffs and members of the putative class were not subject to any valid collective bargaining agreement that would preclude the claims contained in this Complaint.

14.    The nature of the work performed by Plaintiffs and members of the putative class did not and does not prevent these employees from being relieved of all their duties for the legally required off-duty meal periods. There are no valid, unrevoked, voluntary written agreements between Plaintiffs and class members, on the one hand, and Defendant Employers, on the other hand, for on-the-job paid meal periods.

15.    The California Supreme Court has explicitly held such a pay, rest period, and meal break practice for security guards to be unlawful under the California Labor Code and IWC Wage Order No. 4 in *Augustus v. ABM Security Services, Inc.* (Dec. 22, 2016) ___ Cal.4th ____.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16.    Plaintiffs intend to move for certification of a statewide FLSA collective action defined as follows and which comprises the "FLSA Collective":

> All persons currently or formerly employed by the Defendant Employers as non-exempt security guards at airports within California and paid on an hourly basis (the "FLSA Collective") during the three (3) years immediately preceding filing the Complaint in this action and continuing through the conclusion of trial on all issues presented (the "FLSA Collective Period").

**CALIFORNIA CLASS ACTION ALLEGATIONS**

17.    Plaintiffs also intend to move for certification of a "California Class," under Federal Rules of Civil Procedure, Rule 23, defined as follows:

> All persons currently or formerly employed by the Defendant Employers as non-exempt security guards at airports within California and paid on an hourly basis (the "California Class") during the four (4) years immediately preceding filing the Complaint in this action and continuing through the conclusion of trial on all issues

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

presented (the "California Class Period").

18.    Plaintiffs also intend to move for certification of a "California Subclass," under Federal Rules of Civil Procedure, Rule 23, consisting solely of former employees defined as follows:

> All persons formerly employed by the Defendant Employers as non-exempt security guards at airports within California and paid on an hourly basis (the "California Class") during the four (4) years immediately preceding filing the Complaint in this action and continuing through the conclusion of trial on all issues presented (the "California Subclass Period").

19.    To the extent equitable tolling operates to toll claims under the FLSA Collective, the California Class, and/or the California Subclass against the Defendant Employers, the FLSA Collective Period, the California Class Period, and/or the California Subclass Period should be adjusted accordingly.

20.    During the FLSA Collective Period, the California Class Period, and the California Subclass Period the Defendant Employers had, and continue to have, a consistent and uniform policy and practice with respect to Plaintiffs, FLSA Collective Period, the California Class Period, and the California Subclass Period of:

a.    Assigning handheld radios to employees;

b.    Willfully failing to provide rest periods and meal breaks mandated by IWC Wage Order 4, subdivision 12(A), and California Labor Code § 226.7, subdivision (b), by requiring employees to keep their handheld radios on and monitor them—even during legally required rest periods and unpaid meal breaks—and to remain vigilant and responsive to calls when needs arose;

c.    Willfully failing to provide rest periods and meal breaks mandated by IWC Wage Order 4, subdivision 12(A), and California Labor Code § 226.7, subdivision (b), by interrupting employees' legally required rest periods and unpaid meal breaks by requiring them to monitor their handheld radios and respond to calls to perform their usual security guard job duties;

d.    Willfully failing to pay employees minimum owed to workers for their labor during meal breaks, as required by the FLSA, the California Labor Code, and IWC Wage Order No. 4 § 4;

e.    Willfully failing to include employees' time worked during meal breaks when calculating weekly overtime premium pay owed to workers under the FLSA, the California Labor Code § 510, and IWC Wage Order No. 4 § 3(A)(1);

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

f.      Willfully failing to pay employees the premium pay set forth in IWC Wage Order 4, subdivision 12(B) and California Labor Code § 226.7, subdivision (c).

g.      Willfully failing to include employees' time worked during meal breaks when calculating daily overtime premium pay owed to workers under the California Labor Code § 510, and IWC Wage Order No. 4 § 3(A)(1);

g.      Failing to provide employees with accurate itemized wage statements including gross wages earned, total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, as required by California Labor Code § 226; and

h.      Willfully failing to prevent the unlawful labor conditions despite having the power to do so.

21.     During the California Subclass Period the Defendant Employers had, and continue to have, a consistent and uniform policy and practice with respect to the California Subclass of:

a.      Doing all the acts and things alleged in paragraph 17, subparts (a) through (h) above, which are incorporated herein by this reference; and

b.      Willfully failing to pay compensation (including unpaid minimum wages and/or overtime, and/or meal break penalties and/or rest break penalties) due and owing to separated employees in a prompt and timely manner upon termination or resignation in violation of California Labor Code §§ 201 through 203.

22.     The Defendant Employers' unlawful policies and practices as described herein serve as predicate acts for application of the UCL.

23.     This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.      <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible; the total number of the class members exceeds two hundred fifty (250). Membership in the class will be determined based on analysis of the Defendant Employers' employee and payroll records, and other records that the Defendant Employers maintain.

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

b.     Commonality: Plaintiffs and the class members share a community of interests, as there are several common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members. A class action is superior to other methods for a fair and efficient adjudication of the controversy. These common questions include, but are not limited to:

i.     Whether the Defendant Employers failed to provide rest periods and meal breaks mandated by IWC Wage Order 4, subdivision 12(A), and California Labor Code § 226.7, subdivision (b);

ii.     Whether the Defendant Employers failed to pay employees minimum wages owed to workers for their labor during meal breaks, as required by the FLSA, the California Labor Code, and IWC Wage Order No. 4 § 4;

iii.     Whether the Defendant Employers failed to include employees' time worked during meal breaks when calculating weekly overtime premium pay owed to workers under the FLSA, and when calculating weekly and daily overtime premium pay owed to workers under the California Labor Code § 510, and IWC Wage Order No. 4 § 3(A)(1);

iv.     Whether the Defendant Employers failed to provide employees with accurate itemized wage statements including gross wages earned, total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, as required by California Labor Code § 226;

v.     Whether the Defendant Employers willfully failed to pay all compensation (including unpaid minimum wages, overtime, and premium pay, and/or meal break penalties and/or rest break penalties) due and owing to separated employees in a prompt and timely manner upon termination or resignation in violation of California Labor Code sections 201 through 203; and

x.     Whether the Defendant Employers engaged in unfair, unlawful and/or fraudulent business practices in violation of the UCL by a consistent policy and practice of violating minimum wage, overtime, rest period, meal break, and timely wage payment, provisions of California's Labor Code and IWC Wage Order No. 4.

c.     Typicality: Plaintiffs' claims are typical of the claims of the employees of the proposed California Class and California Subclass. Plaintiffs and all members of the California Class sustained injuries and damages arising out of and caused by Defendants' conduct, in violation of the FLSA and the California Class also sustained injuries and damages arising out Defendants' violations of California law as alleged. Plaintiffs who are former employees and all members of the California Class are owed typical "waiting time penalties" under California Labor Code §§ 201 through 203.

d.     Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each worker is likely to render individual actions impractical. Should separate actions be brought by each individual employee, the resulting multiplicity of lawsuits would cause undue hardship and expense for the courts and the litigants. The prosecution of separate actions would also create a

risk of inconsistent rulings, which might be dispositive of the interests of other employees who are not parties to those adjudications and/or may substantively impede their ability to adequately protect their interests. Defendant Employers, in committing the FLSA violations, Labor Code violations, unfair business practices regarding the putative class and subclass members, have acted and refused to act on grounds applicable to all claims, making injunctive and monetary relief appropriate for all class members.

e.    Adequacy of Representation: Plaintiffs in this class action are adequate representatives of other similarly situated employees and the class members as a whole in that Plaintiffs' claims are typical of those of the class and Plaintiffs have the same interests as the class members. Plaintiffs are committed to vigorous prosecution, and have retained competent counsel experienced in wage and hour litigation and representative actions of this nature. Plaintiffs are not subject to any individual defenses unique or distinct from those conceivably applicable to the class. Plaintiffs anticipate no management difficulties.

## FIRST CAUSE OF ACTION
### Violations of the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*)
(By All Plaintiffs and the FLSA Collective Against All Defendants)

24.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 23 above as though fully set forth herein.

25.    During the three years preceding the filing of this Complaint, the Defendant Employers violated and continue to violate the FLSA, and continue to violate the FLSA, by willfully and systematically failing to pay Plaintiffs and class members the minimum wage or premium or over-time wages for hours worked in excess of forty (40) in one work week by failing to include as time worked when calculating overtime the uncompensated meal breaks each workday during which Defendant Employers suffered or permitted Plaintiffs and class members' labor by keeping their assigned handheld radios on and monitoring them and remaining vigilant and responsive to calls when needs arose.

26.    During the three years preceding the filing of this Complaint, the Defendant Employers violated and continue to violate the FLSA by willfully failing to pay Plaintiffs and class members any minimum, or overtime wages for all hours under the control of the Defendant Employers, including but not limited to hours spent working by keeping their assigned handheld radios on and monitoring them and remaining vigilant and responsive to calls when needs arose during unpaid meal breaks every workday. Employees are also entitled liquidated damages under the FLSA.

27.    At all relevant times hereto, the Defendant Employers violated and continue to violate the FLSA by willfully failing to pay Plaintiffs and class members who separate from employment on their

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

regularly scheduled payday following involuntary termination of employment.

28.    As a proximate result of these FLSA violations, Plaintiffs and class members have been damaged in an amount according to proof at the time of trial.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Willful Failure to Provide Mandated Meal Breaks and Rest Periods**
**California Labor Code §§ 226.7, 512**
**(By All Plaintiffs and the California Class Against all Defendants)**

29.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 28 above as though fully set forth herein.

30.    Labor Code section 226.7 mandates that no employer shall require any employee to work during any meal break or rest period mandated by an applicable order of the IWC.

31.    Labor Code section 512 requires that an employer may not employ an employee for a work period of over five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total period per day of the employee is not over six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of over 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is only twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

32.    IWC Wage Order No. 4 § (11)(A), requires that unless an employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

33.    IWC Wage Order No. 4 § (12)(A), requires every employer to authorize and permit all employees to take rest periods at a rate of ten (10) minutes per four (4) hours worked, with no deduction from wages.

///

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

34.     Labor Code § 226.7 and IWC Wage Order number 4 §§ (11)(B) and (12)(B), require that if the employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal is not provided, and one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

35.     During the last four years, the Defendant Employers frequently denied Plaintiffs and California Class members mandated meal breaks and rest periods during the workday by requiring employees to monitor handheld radios, remain vigilant, and respond to calls.

36.     Because of Defendants' willful conduct in not providing mandated meal breaks and rest periods, and requiring employees to work during meal periods without written agreement and without pay, Plaintiffs and California Class members are entitled under Labor Code section 226.7 to one additional hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided and one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

37.     Because of these meal break and rest period violations, Plaintiffs and California Class members have been damaged in an amount according to proof, but over the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### Willful Failure to Pay Minimum Wage
### California Labor Code §§ 1194, 1194.2, 1197
(By Plaintiffs and the California Class Against All Defendants)

38.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 37 above as though fully set forth herein.

39.     Labor Code section 1197 provides that payment of less than the minimum wage to employees is unlawful. The Defendant Employers' California employees are governed by the Industrial Welfare Commission's Minimum Wage Order, MW-2014, establishing a minimum hourly wage of $8.00 beginning January 1, 2008, $9.00 beginning July 1, 2014, $10.00 beginning January 1, 2016, and $10.50 per hour beginning January 1, 2017, for employers of 26 or more employees.

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

40.    California law requires that employees be compensated for all time during which an employee is subject to the control of an employer. The Defendant Employers willfully failed and refused to pay Plaintiffs and California Class members any minimum or regular wages each workday during "meal breaks" during which employees were expected to monitor handheld radios, remain vigilant, and respond to calls when needed.

41.    Because of the Defendant Employers' willful conduct in not paying minimum or regular wages, Plaintiffs and California Class members are entitled to recover the unpaid balance of the full amount of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit, under Labor Code § 1194.  Plaintiffs and California Class members are also entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon under Labor Code § 1194.2.

42.    As a proximate result of these minimum wage violations, Plaintiffs and California Class members have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.


**FOURTH CAUSE OF ACTION**
**Unpaid Overtime Wages**
**California Labor Code §§ 510**
(By Plaintiffs and the California Class Against All Defendants)

43.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 42 above as though fully set forth herein.

44.    Plaintiffs and the California Class members were governed by the wage and overtime requirements of Labor Code § 510 and IWC Wage Order No. 4, for the Professional, Technical, Clerical, Mechanical and Similar Occupations. IWC Wage Order No. 4 requires employees must be paid overtime of one and one-half times the employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday and over 40 hours in one work week, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek, and double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday.

45.    During the last four years, the Defendant Employers systematically denied Plaintiffs and

the California Class members overtime compensation for hours worked over eight (8) and twelve (12) in one day and over forty (40) hours in one work week by failing to include as time worked when calculating overtime the uncompensated meal breaks each workday during which Defendant Employers suffered or permitted Plaintiffs and class members' labor by keeping their assigned handheld radios on and monitoring them and remaining vigilant and responsive to calls when needs arose.

46.     Plaintiffs and the California Class members are entitled to recover the unpaid balance of the full amount of the overtime wages, including interest thereon, reasonable attorney's fees, and costs of suit, under California Labor Code section 1194.

47.     As a proximate result of these overtime violations, Plaintiffs and the California Class members have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Pay Statements**
**California Labor Code §§ 226**
(By Plaintiffs and the California Class Against All Defendants)

48.     California Labor Code, § 226 requires employers, semimonthly or at the time of each payment of wages, to furnish employees an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee, except for employees whose compensation is solely based on a salary and who is exempt from payment of overtime under Labor Code § 515, subdivision (a), or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

49.     Defendant Employers failed to accurately itemize gross wages earned, total hours worked

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiffs and members of the California Class, as required by California Labor Code § 226, because the wage statements underreported hours of regular work and hours of overtime work during on-duty but uncompensated meal breaks every pay period, and therefore correspondingly underreported gross and net wages earned and deductions, and also misreported the applicable premium overtime hourly rate in affect for some hours of work. Because Defendant Employers failed to pay Plaintiffs and members of the California Class for premium pay owed for working during rest periods, there was a corresponding underreporting of gross and net wages earned and deductions. Consequently, Defendant Employers' itemized wage statements have not and do not conform to requirements of California Labor Code § 226.

50.    Defendant Employers knowingly and intentionally failed and fail to comply with Labor Code § 226, causing injury and damages to Plaintiffs and members of the California Class. These damages include, but are not limited to, costs that must be expended recalculating the correct rates for the regular and overtime hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the Plaintiffs and members of the California Class elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for each Plaintiffs and each member of the California Class).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION
**Willful Failure to Timely Pay Wages When Due at Termination**
**California Labor Code §§ 201 – 203**
(By Plaintiff Rolain Alexis and the California Subclass Against All Defendants)

51.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 50 above as though fully set forth herein.

52.    Labor Code §§ 201 and 202 requires the Defendant Employers to pay employees all wages due immediately upon involuntary discharge or layoff of an employee, and within 72 hours of an

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

employee's voluntary termination of employment. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

53.    Plaintiffs and California Subclass members were and are routinely and uniformly required to wait longer than the statutory maximum for payment in full of all earned wages in their final paychecks upon separation from employment. Plaintiffs and California Subclass members are entitled to compensation for unpaid wages, but to date have not received such compensation.

54.    More than three (3) days have passed since Plaintiffs and California Subclass members have left Defendants' employ. Plaintiffs and California Subclass members have not absented themselves or made themselves unavailable for payment of such unpaid sums.

55.    Because of the Defendant Employers' willful conduct in not paying wages owed at the time of separation from employment, Plaintiffs and California Subclass members are entitled to up to thirty (30) days wages as a penalty under Labor Code § 203, together with interest thereon and attorney's fees and costs.

56.    As a proximate result of the aforementioned violations, Plaintiffs and California Subclass members have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SEVENTH CAUSE OF ACTION
**Unfair Competition Law**
**Business & Professions Code § 17200 et seq.**
**(By Plaintiffs and the California Class Against All Defendants)**

57.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 56 above as though fully set forth herein.

58.    The Unfair Competition Law ("UCL"), Business and Professions Code section 17200 et seq., defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL borrows violations from other statutes, and authorizes any person who has suffered injury and who has lost money or property because of such unfair practices to sue for relief under the statute. The

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired with unfair competition.

59.    Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this complaint. Specifically, over the last four years, Defendant Employers have violated the FLSA, numerous Labor Codes, and IWC Wage Order No. 4 involving wages, hours and conditions of employment, resulting in meal break violations, rest break violations, overtime violations, and minimum wage violations.

60.    Defendant Employer's violations of these laws serve as unlawful predicate acts, and have resulted in economic harm and injury to all Plaintiffs and California Class members for purposes of Business and Professions Code section 17200, and remedies are provided under Business and Professions Code section 17203.

61.    Defendant Employers have engaged in unlawful, deceptive, and unfair business practices prohibited by the UCL, including those set forth in this Complaint, thereby depriving Plaintiffs and California Class members the minimum working condition standards due to them under California labor laws. Because of Defendant Employers' unlawful, deceptive, and unfair business practices, Defendant Employers have gained an unfair competitive advantage over other law abiding employers in the security guard industry within California.

62.    Plaintiffs and California Class members are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

63.    The illegal conduct alleged herein is continuing, and there is no indication that Defendant Employers will not continue such activity into the future. Plaintiff alleges that if Defendant Employers are not enjoined from the conduct in this Complaint, they will continue to fail to provide to employees minimum working condition standards due to them under California labor laws to the detriment and damage of its employees while gaining un unfair competitive advantage over law abiding employers in the same industry within California.

64.    As a direct and proximate result of the aforementioned acts, Defendant Employers have received and continue to hold ill-gotten gains belonging to Plaintiffs and Class members, in that

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

Defendant Employers have profited in that amount from its unlawful practices.

65.    Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired with such unfair competition. Plaintiff and California Class members are entitled to restitution under Business and Professions Code sections 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint. Plaintiffs will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

66.    Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiffs sue on behalf of themselves and other employees in California similarly situated. Plaintiffs seek and are entitled to unpaid overtime wages, and injunctive relief, and any other remedy owing to Plaintiffs and California Class members.

67.    To prevent Defendant Employers from profiting and benefiting from their wrongful and illegal acts, an order requiring Defendant Employers to cease their unlawful labor and payroll practices and disgorge all the profits and gains they have reaped through its unlawful and unfair business practices is appropriate and necessary.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

**PRAYER FOR RELIEF**

Plaintiffs demand a jury trial and pray for relief for themselves and on behalf of all similarly situated aggrieved employees:

1.    **As to the First Cause of Action for Violations of the FLSA:**

a.    For unpaid minimum wages totaling at least $1 million;

b.    For unpaid overtime wages totaling at least $1 million;

c.    For liquidated damages totaling at least $1 million;

d.    For an award of reasonable attorney's fees and costs, including expert witnesses;

e.    For any further equitable relief in favor of Plaintiffs and FLSA Collective members the Court deems just and proper.

2.    **As to the Second Cause of Action for Failure to Give Mandated Meal and Rest Breaks:**

a.    For an award under Labor Code section 226.7 to each Plaintiff and California Class

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

Member of one additional hour of pay at the employee's regular rate of compensation for each work day that the meal break was not provided, totaling at least $1 million;

b. For an award under Labor Code section 226.7 to each Plaintiff and California Class Member of one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided to each Plaintiff and California Class member; or rest period, totaling at least $1 million;

3. **As to the Third Cause of Action for Failure to Pay Minimum Wages:**

   a. For an award of all unpaid minimum wages due to Plaintiffs and class members, totaling at least $2 million;

   b. For an award of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon under Labor Code § 1194.2, totaling at least $ 2 million;

   c. For an award of interest at ten percent per annum on the unpaid undisputed minimum wages under Labor Code section 1194, as to each Plaintiff and California Class member;

   d. For an award of reasonable attorney's fees and costs of suit under Labor Code section 1194;

4. **As to the Fourth Cause of Action Unpaid Overtime Wages:**

   a. For an award of all unpaid overtime wages due to Plaintiffs and California Class members under the California Labor Code, totaling at least $1 million;

   b. For an award of interest at ten percent per annum on the unpaid overtime wages under Labor Code section 1194;

   c. For an award of reasonable attorney's fees and costs of suit under Labor Code section 1194;

5. **As to the Fifth Cause of Action For Failure to Provide Accurate Itemized Pay Statements:**

   a. For an award of $1 million in liquidated damages calculated at fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Labor Code § 226, but in

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

no event, more than four thousand dollars ($4,000.00) for each Plaintiffs and each member of the California Class.

b. For an award of reasonable attorney's fees under Labor Code § 226, subd. (e).

6. **As to the Sixth Cause of Action for Willful Failure to Timely Pay Wages When Due at Termination:**

a. For an award of waiting time penalties of thirty (30) days wages per separated employee Plaintiff and California Subclass member under Labor Code § 203 in an amount to be determined according to proof at trial;

b. For an award of interest at ten percent per annum on the unpaid waiting time penalties;

c. For an award of reasonable attorney's fees and costs of suit;

7. **As to the Seventh Cause of Action for Unfair Competition:**

a. For a judicial determination that the Defendant Employers' unlawful labor and payroll practices violate the UCL and have resulted in economic harm and injury to all Plaintiffs and the California Class;

b. For an order requiring the Defendant Employers to pay restitution to Plaintiffs and California Class members due to the Defendant Employers' unlawful activities, under Business and Professions Code section 17203;

c. For an order enjoining the Defendant Employers from their unlawful activities in violation of California Business and Professions Code section 17200; and

d. For any further equitable relief in favor of Plaintiffs and the California Class the Court deems just and proper.

8. **As to all causes of action:**

a. For compensatory damages;

b. For prejudgment interest on all sums awarded to the extent permitted by law; and

c. For such other and further relief as the Court may deem proper.

///

///

///

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

Respectfully submitted,

Dated: January 2, 2017                    **ROSE LAW, APC**

By:    */s/ Joseph W. Rose* (as authorized on 01/02/17)
Joseph W. Rose

Dated: January 2, 2017                    VELARDE & VELARDE

By:    */s/ Michael E. Velarde*
Michael E. Velarde

Attorneys for Plaintiffs and the Plaintiff Class,
FREDRICK STEMME, MAMADOU H. SY,
WILLIAM H. DAVIS, JR., MOHAMMED Q.
MOHIUDDIN, ROLAIN ALEXIS

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: January 2, 2017                    **ROSE LAW, APC**

By:    */s/ Joseph W. Rose* (as authorized on 01/02/17)
Joseph W. Rose

Dated: January 2, 2017                    **VELARDE & VELARDE**

By:    */s/ Michael E. Velarde*
Michael E. Velarde

Attorneys for Plaintiffs and the Plaintiff Class,
FREDRICK STEMME, MAMADOU H. SY,
WILLIAM H. DAVIS, JR., MOHAMMED Q.
MOHIUDDIN, ROLAIN ALEXIS

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670