1  Jeremy T. Naftel, State Bar No. 185215
   jnaftel@cdflaborlaw.com
2  Corey J. Cabral, State Bar No. 286712
   ccabral@cdflaborlaw.com
3  CAROTHERS DISANTE & FREUDENBERGER LLP
   900 University Avenue, Suite 200
4  Sacramento, California 95825
   Telephone:  (916) 361-0991
5  Facsimile:  (916) 570-1958

6  Attorneys for Defendants
   UNIVERSAL PROTECTION SERVICE, L.P., and
7  GUARDSMARK, L.L.C

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  FREDRICK STEMME, MAMADOU H.        ) Case No. 8:17-cv-CJC (JCGx)
    SY, WILLIAM H. DAVIS, JR.,          )
12  MOHAMMED Q MOHIUDDIN,               ) Judge: Cormac J. Carney
    ROLAIN ALEXIS, individually and on  )
13  behalf of all others similarly situated,  ) **DEFENDANTS' MEMORANDUM**
                                        ) **OF POINTS AND AUTHORITIES**
14                   Plaintiff,          ) **IN SUPPORT OF NOTICE OF**
             v.                         ) **MOTION AND MOTION OF**
15                                      ) **DEFENDANTS TO STAY ACTION**
    UNIVERSAL PROTECTION SERVICE,       )
16  L.P., GUARDSMARK, L.L.C., and       ) DEMAND FOR JURY TRIAL
    DOES 1 through 10, inclusive,        )
17                                      ) Date:   June 26, 2017
                 Defendant.             ) Time:   1:30 p.m.
18                                      ) Ctrm:   9B
                                        )
19  _____   ) Action Filed:  January 2, 2017

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................5

II.  BACKGROUND ...................................................................................................5

    A.  The Instant *Stemme* Action ....................................................................5

    B.  Related Wage and Hour Class Actions ...................................................6

III.  ARGUMENT .......................................................................................................8

    A.  This Action Should Be Stayed Under the *Colorado River* Doctrine Pending Disposition of the Ongoing State Court Actions ...................................................................................................8

        1.  This Action Is Substantially Similar to the Related Wage and Hour Class Actions ...............................................9

            a.  This Action and the Related Actions Involve Identical Parties ........................................................9

            b.  This Action and the Related Actions Involve Substantially Similar, if Not Identical, Claims and Issues................................................................10

        2.  Neither Court Has Exercised Jurisdiction Over Any *Res* or Property.......................................................11

        3.  The Relative Convenience of the Forums Is a Neutral Factor ...............................................................11

        4.  The Desirability of Avoiding Piecemeal Litigation Favors a Stay..........................................................12

        5.  The Related Actions Were Filed Years Before This Case and Are Much Further Progressed, Favoring a Stay in This Case ......................................................12

        6.  California Law Governs All But Plaintiffs' FLSA Wage Claim but California Wage Law Offers Greater Protection and Will Determine the FLSA Wage Claim, Favoring a Stay of This Case..............................13

        7.  The Related Actions Are Adequate to Protect the Rights of the Parties in This Case.................................13

    B.  The Principle of Judicial Comity Requires a Stay of This Action...................................................................................13

IV.  CONCLUSION ..................................................................................................15

2

1174072.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

29 U.S.C. § 201 ................................................................................................... 5

*Advanced Internal Techs., Inc. v. Google, Inc.*, 2006 WL 889477 .......................... 14

*Branca v. Iovate Health Sciences USA, Inc.*, 2013 WL 1344306 ............................ 15

*California Dairies Inc. v. RSUI Indem. Co.* (E.D. Cal. 2009) 617
    F.Supp.2d 1023 ................................................................................................ 10

*CMAX, Inc. v. Hall*, 300 F.2d 265 ........................................................................ 14

*Daugherty v. Oppenheimer & Co.* (N.D. Cal. July 5, 2007) No. C06-
    7725 PJH, 2007 WL 1994187 ..................................................... 8, 9, 11, 13

*De Simas v. Big Lots Stores, Inc.* (N.D. Cal. 2007) No. C 06-6614 SI,
    2007 WL 686638 2007 ............................................................................ 11, 13

*Krieger v. Atheros Communications* (N.D. Cal. 2011) 776 F.Supp.2d
    1053 ................................................................................................................ 11

*Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81
    L.Ed. 153 (1936) ............................................................................................ 13

*Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 .......................................... 14

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 ............................................................... 14

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S.
    1 ........................................................................................................................ 9

*Nakash v. Marciano* (9th Cir. 1989) 882 F.2d 1411 ............................................ 8, 9

*Noel v. Hall*, 341 F.3d 1148 ................................................................................... 14

*Ross v. U.S. Bank Nat. Ass'n* (N.D. Cal. 2008) 542 F. Supp. 2d 1014 .................... 9

*Stockton Firefighters' Local 456, Int'l Asso'n of Firefighters v. City of
    Stockton* (E.D. Cal. 2010) No. 2:10-CV-01828 FCD GG, 2010
    WL 3825674 ............................................................................................ 11, 13

*Tan v. GrubHub, Inc.* (N.D. Cal. 2016) 171 F.Supp.3d 998, 1007 ......................... 10

*Torres v. Carescope, LLC* (E.D. Cal. May 11, 2016) No. 215CV00198
    TLN CKD, 2016 WL 2743479 ...................................................................... 13

*TriTech Software Sys. v. U.S. Specialty Ins. Co.* (C.D. Cal. 2010) No.
    CV10-00094-R VBKX, 2010 WL 5174371 .................................................. 10

*Waterbury v. Safeway Inc.* (N.D. Cal. 2006) No. C 06 02072 JL, 2006

3

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

WL 3147687 ......................................................................... 10, 12, 13

**State Cases**

*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314............................................ 10

**Statutes**

Business and Professions Code § 17200 .................................................. 6

Fair Labor Standards Act, 29 U.S.C. § 20................................................. 10

Labor Code § 1194 ......................................................................... 5

Labor Code § 1197 ......................................................................... 5

Labor Code § 194.2 ......................................................................... 5

Labor Code § 226.7 ......................................................................... 5

Labor Code § 512 ......................................................................... 5

Labor Code §§ 201-203 .................................................................... 6

**Other**

*Garcia v. Citigroup Inc.* (N.D. Cal. 2011) No. 11-cv-00692-JF (PSG),
2011 U.S. Dist. LEXIS 95536............................................................ 11, 12, 13

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

1174072.1

# I. <u>INTRODUCTION</u>

Defendants Universal Protection Service, L.P., and Guardsmark L.L.C. (collectively "Defendants" or "Universal Protection"),[1] move to stay this action because identical parties and identical or substantially similar alleged wage-and-hour violations are being litigated in numerous ongoing lawsuits, including: *Melonie Goodrum v. Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC554387; *Michael Parnow v. Universal Protection Service, LP*, AAA Case No. 01-14-0001-6821; *Andres Medina v. Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC572848; *Robert Stone v. Universal Protection Service, LP*, AAA Case No. 01-15-0002-7497; *Adam Castanon v. Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC599950; and, *Jacqueline Cooper, et al. v. Universal Protection Service, LP*, Alameda County Superior Court Case No. RG16820420.  These actions have progressed well beyond the present action, which was recently filed.  A judgment in any of these actions would have preclusive effect in, if not completely resolve, the present action.

# II. <u>BACKGROUND</u>

## A.   <u>The Instant *Stemme* Action</u>

On January 2, 2017, Plaintiffs filed the present Class / Collective Action Complaint.  The Complaint asserts the following claims on a class-wide basis: (1) failure to pay wages in violation of the FLSA, 29 U.S.C. section 201, (2) failure to provide meal breaks and rest periods in violation of Labor Code sections 226.7 and 512, (3) failure to pay minimum wages in violation of Labor Code sections 1194, 194.2 and 1197, (4) failure to pay overtime wages in violation of Labor Code section 510, (5) failure to provide accurate itemized wage statements in violation of Labor Code section 226, (6) failure to timely pay wages due at termination in

---

[1]   In July of 2015, Defendant Universal Protection Service, L.P. purchased Defendant Guardsmark L.L.C.  Declaration of Jeremy Naftel ("Naftel Dec."), ¶2.

DEFENDANTS' MPA'S ISO NOTICE OF MOTION AND MOTION OF TO STAY ACTION

CAROTHERS DiSANTE & FREUDENBERGER LLP

violation of Labor Code sections 201-203, and (7) violation of California's unfair competition law ("UCL"), Business and Professions Code section 17200 *et seq.* (based on the same allegations as the preceding three claims).  Generally, Plaintiffs seek to represent all persons currently or formerly employed by Universal Protection as non-exempt security guards at airports within California and paid on an hourly basis.[2]

The Court previously granted the parties' stipulations to stay this case on two occasions.

**B.    Related Wage and Hour Class Actions**

The same parties and alleged wage-and-hour violations are currently being litigated in numerous cases, as summarized below.

On August 18, 2014, the class action complaint in *Melonie Goodrum v. Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC554387 (*Goodrum*) was filed, alleging six wage-and-hour causes of action, which embrace Plaintiffs' state law claims, with the exception of the unpaid wage claims, on behalf of "all persons who are or were employed by Defendants as non-exempt Security Officers (including those who performed the same duties as Security Officers but with a different job title) in the State of California."  Naftel Dec., ¶4, Exhibit A.

On or about October 14, 2014, the demand for class arbitration in *Michael Parnow v. Universal Protection Service, LP*, AAA Case No. 01-14-0001-6821 (*Parnow*) was filed, alleging six wage-and-hour causes of action, which fully embrace Plaintiffs' state law claims, on behalf of "all current or former non-exempt

---

[2]    Plaintiffs allege that they intend to move for certification of an "FLSA Collective" class, "California Class," and "California Subclass."  The only difference between the putative "FLSA Collective" class and the putative "California Class" is the alleged statutory period, three years and four years, respectively.  The putative "California Subclass" is identical to the putative "California Class," with the exception that it only encompasses former employees as opposed to current and former employees, like the putative "California Class."

1 employees who work or have worked as security guards for [Universal Protection]

2 within the State of California."  Naftel Dec., ¶5, Exhibit B.

3        On February 19, 2015, the class action complaint in *Andres Medina v.*

4 *Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC572848

5 (*Medina*) was filed, alleging three wage-and-hour causes of action also asserted by

6 Plaintiffs on behalf of "all non-exempt Security Guard employees paid on an hourly

7 basis."  Naftel Dec., ¶6.  Medina later filed a First Amended Complaint adding a

8 claim pursuant to the Private Attorney General Act, Labor Code section 2698 *et seq.*

9 Id., ¶6, Exhibit C.

10        On February 26, 2015, the demand for class arbitration in *Robert Stone v.*

11 *Universal Protection Service, LP*, AAA Case No. 01-15-0002-7497 (*Stone*) was

12 filed, alleging eight causes of action, which embrace Plaintiffs' state law claims, on

13 behalf of all persons employed by Universal in California as security guards (4) years

14 prior to the filing of the action on both a class-wide and representative basis..  Naftel

15 Dec., ¶7, Exhibit D.  Recently, in October of 2016, Stone and Universal Protection

16 engaged in a mediation session and subsequently agreed to a class-wide settlement

17 releasing all of the claims asserted by Plaintiffs herein.  Naftel Dec., ¶7.  Thereafter,

18 the parties failed to finalize the agreement and Stone elected to proceed with his class

19 claims.  Ibid.

20        On April 23, 2015, the Honorable Amy D. Hogue ordered that the *Goodrum*

21 and *Medina* were related to an earlier filed representative action filed pursuant to the

22 PAGA, which was designated the lead case.  Although there have been several

23 relevant decisions in these inter-related cases, the *Goodrum* and *Medina* class claims

24 remain stayed for the time being in Los Angeles County Superior Court.  Naftel

25 Dec., ¶8, Exhibit E.

26        On November 4, 2015, the class action complaint in *Adam Castanon v.*

27 *Universal Protection Service, LP*, Los Angeles Superior Court Case No. BC599950

28 (*Castanon* ) was filed, alleging nine wage-and-hour causes of action, which embrace

1  Plaintiffs' state law claims, with the exception of the unpaid wage claims, on behalf
2  of "all individuals employed and formerly employed by [Universal Protection] in
3  California as a Security Guard."  Naftel Dec. ¶9, Exhibit F.

4       On June 21, 2016, the class action complaint in *Jacqueline Cooper, et al. v.*
5  *Universal Protection Service, LP*, Alameda County Superior Court Case No.
6  RG16820420 (*Cooper*) was filed, alleging six wage-and-hour causes of action and an
7  a cause of action for violation of California's unfair competition law, Business and
8  Professions Code section 17200 *et seq.*, which fully embrace Plaintiffs' state law
9  claims on behalf of "all current and former non-exempt security guard / security
10 officer employees who worked for [Universal Protection] at any time during the
11 period of time from June 21, 2012, through the present in the State of California."
12 Naftel Dec. ¶10, Exhibit G.

13      These actions have progressed well beyond the present action, which was just
14 filed, and a judgment in any of these actions would have preclusive effect in this
15 action.

16                          **III.  ARGUMENT**

17 **A.    This Action Should Be Stayed Under the *Colorado River* Doctrine Pending**
18 **Disposition of the Ongoing State Court Actions.**

19      Considerations of "wise judicial administration, giving regard to conservation
20 of judicial resources and comprehensive disposition of litigation" may favor granting
21 a stay of a federal action when there are concurrent proceedings involving the same
22 matter.  *Colorado River Conservation Dist. v. United States* (1976) 424 U.S. 800,
23 817.  "Exact parallelism between the claims is not required—for application of the
24 *Colorado River* doctrine, it is enough if the two proceedings are 'substantially
25 similar.'"  *Daugherty v. Oppenheimer & Co.* (N.D. Cal. July 5, 2007) No. C06-7725
26 PJH, 2007 WL 1994187, at *6 (quoting *Nakash v. Marciano* (9th Cir. 1989) 882 F.2d
27 1411, 1416-17).

28      A court must consider and weigh the following factors set forth in *Colorado*

Carothers DiSante &
Freudenberger LLP

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

1  *River*, supra, when determining the propriety of a stay:  (1) whether either court has

2  asserted jurisdiction over a *res* or property; (2) the relative convenience of the

3  forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which

4  the forums obtained jurisdiction and the progress of such proceedings; (5) whether

5  state or federal law controls; and (6) whether the state proceeding is adequate to

6  protect the rights of the parties.  *Nakash*, *supra*, 882 F.2d at 1415.  "The *Colorado*

7  *River* factors are 'to be applied in a pragmatic, flexible manner with a view to the

8  realities of the case at hand."  *Daugherty*, *supra*, 2007 WL 1994187 at *6, (quoting

9  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 21).

10      As set forth below, the application of these factors in this case strongly weighs

11  in favor of a stay.

12      **1.    This Action Is Substantially Similar to the Related Wage and Hour**

13            **Class Actions.**

14      The *Colorado River* abstention doctrine's threshold requirement is whether the

15  cases are substantially similar.  *Ross v. U.S. Bank Nat. Ass'n* (N.D. Cal. 2008)

16  542 F. Supp. 2d 1014, 1021 (citing *Nakash*, *supra*, 882 F.2d at 1416).  The inquiry

17  does not require exact parallelism.  *Nakash*, *supra*, 882 F.2d at 1416.

18            **a.    This Action and the Related Actions Involve Identical Parties.**

19      This action and the *Goodrum*, *Parnow*, *Medina*, *Stone, Castanon*, and *Cooper*

20  actions (collectively "Related Actions") are all brought on behalf of putative classes

21  of Universal Protection security officers in California.  Universal Protection is a

22  defendant in the Related Actions.  The putative class periods in the Related Actions

23  fully embrace the putative class period in in this case.  Naftel Dec. ¶.  Additionally,

24  all members of the putative class in this case, including the named Plaintiffs, are

25  members of the putative classes in most if not all of the Related Actions.  Id.

26  Although the named plaintiffs in the cases are different, this is insignificant for

27  purposes of analysis under the *Colorado River* doctrine, which focuses on the

28  similarity in the putative classes, not whether the named plaintiffs are identical.  *See,*

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

1   *e.g.*, *Daugherty*, *supra*, 2007 WL 1994187 at *13-14 (granting *Colorado River* stay

2   of federal putative class action in favor of concurrent state court putative class action

3   brought by different named plaintiff).  The duplicative and overlapping putative

4   classes weighs in favor of a stay of this action.

5              **b.     This Action and the Related Actions Involve Substantially**

6                       **Similar, if Not Identical, Claims and Issues.**

7          Plaintiffs' claims are identical to or substantially similar to those alleged in the

8   Related Actions.  Plaintiff's stated claims regarding meal breaks, rest periods,

9   minimum wages, overtime wages, wage statements, timely payment of wages, and

10  alleged unfair competition are already being litigated in the Related Actions.

11         Plaintiffs' only claim that is not identical to those maintained in the Related

12  Actions is their claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*,

13  for alleged failure to pay wages.  This claim, however, is substantially similar to the

14  wage claims maintained in the Related Actions under the California Labor Code.

15  *See*, *California Dairies Inc. v. RSUI Indem. Co.* (E.D. Cal. 2009) 617 F.Supp.2d

16  1023, 1040-1041 (finding that the California Labor Code's minimum wage and

17  overtime provisions are similar to those in the FLSA); *see also*, *TriTech Software*

18  *Sys. v. U.S. Specialty Ins. Co.* (C.D. Cal. 2010) No. CV10-00094-R VBKX, 2010

19  WL 5174371 at *6.  Numerous federal courts have similarly concluded that overtime

20  and wage claims under the FLSA and Labor Code provisions are strikingly similar.

21  *See*, *Tan v. GrubHub, Inc.* (N.D. Cal. 2016) 171 F.Supp.3d 998, 1007 n. 3 (citing

22  multiple California federal court cases reaching the same conclusion.).

23         Not only are FLSA wage provisions striking similar to those in the California

24  Labor Code, but California labor statutes "protect the minimum wage rights of

25  California employees to a greater extent than federal law."  *Armenta v. Osmose, Inc.*

26  (2005) 135 Cal.App.4th 314, 324.  These "FLSA claims are subject to the same proof

27  but are narrower in scope; therefore, the claims that class members bring under

28  California law would potentially provide greater relief."  *Waterbury v. Safeway Inc.*

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

1   (N.D. Cal. 2006) No. C 06 02072 JL, 2006 WL 3147687 at *4.  As such, a

2   determination of the state wage claims in the Related Actions will resolve Plaintiffs'

3   federal wage claim in its entirety.  *See*, *Stockton Firefighters' Local 456, Int'l Asso'n*

4   *of Firefighters v. City of Stockton* (E.D. Cal. 2010) No. 2:10-CV-01828 FCD GG,

5   2010 WL 3825674 at *5.  Given that the same claims are at the heart of both the

6   Related Actions and this action, and they are brought on behalf of the same putative

7   classes, the actions are substantially similar for purposes of *Colorado River* analysis.

8   *See*, *De Simas v. Big Lots Stores, Inc.* (N.D. Cal. 2007) No. C 06-6614 SI, 2007 WL

9   686638 2007 at *7; *Garcia v. Citigroup Inc.* (N.D. Cal. 2011) No. 11-cv-00692-JF

10  (PSG), 2011 U.S. Dist. LEXIS 95536 at *3; *Daugherty*, *supra*, 2007 WL 1994187 at

11  *13-14.

12          That there may be some possibility that Plaintiffs' federal claim will not be

13  completely resolved by the Related Actions does not alter this conclusion.  "The

14  *Colorado River* applies even where a state court action will not resolve all the claims

15  in the federal action."  *Daugherty*, *supra*, 2007 WL 1994187 at *6.  The duplicative

16  and overlapping claims and issues weigh in favor of a stay of this action.

17      **2.**     **Neither Court Has Exercised Jurisdiction Over Any *Res* or**

18              **Property.**

19          There is no *res* or property at issue in this or the Related Actions over which

20  any court would exercise jurisdiction.  As such, this is an irrelevant and/or neutral

21  factor for purposes of the *Colorado River* analysis in this matter.  *See*, *Daugherty*,

22  *supra*, 2007 WL 1994187 at *15 (finding this factor irrelevant in wage and hour

23  putative class action); *De Simas*, *supra*, 2007 WL 686638 2007 at *6 (same);

24  *Krieger v. Atheros Communications* (N.D. Cal. 2011) 776 F.Supp.2d 1053, 1061

25  (factor is neutral where no res is at issue).

26      **3.**     **The Relative Convenience of the Forums Is a Neutral Factor.**

27          Both the present action and several of the Related Actions are venued in courts

28  in or near Los Angeles.  As such, the various forums are of equal convenience to

11

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

1  parties and witnesses, rendering this factor irrelevant and/or neutral for purposes of

2  the *Colorado River* analysis.  *See*, *De Simas*, *supra*, 2007 WL 686638 2007 at *6.

3      **4.**    **The Desirability of Avoiding Piecemeal Litigation Favors a Stay.**

4      Given the substantial similarity in the issues and claims alleged in this action

5  and in the Related Actions, and the substantially overlapping putative classes,

6  permitting this action to proceed concurrently with the Related Actions would result

7  in unnecessary duplicative and piecemeal litigation.  *See*, *Garcia*, *supra*, 2011 U.S.

8  Dist. LEXIS 95536 at *5.  As the Northern District found in *Waterbury v. Safeway*

9  *Inc.*, "[i]t contradicts judicial efficiency to exercise jurisdiction in this matter and

10  require both parties to continually bring motions in front of this Court arguing

11  whether a certain plaintiff is an active plaintiff and whether some issue determined

12  [in the Related Actions] means it is now precluded in the federal court and vice

13  versa." *Waterbury*, *supra*, 2006 WL 3147687, at *3.  "[I]t would be difficult to

14  keeptrack of which issues have been resolved as to which plaintiffs." *Ibid.*  This

15  favors a stay in this case.

16      **5.**    **The Related Actions Were Filed Years Before This Case and Are**

17      **Much Further Progressed, Favoring a Stay in This Case.**

18      As explained above, the Related Actions were filed between 2014 and 2016,

19  over two years before this case.  California Superior Courts and arbitrators have

20  exercised jurisdiction over the cases.  Further, the *Stone* case is near a final resolution

21  resulting from the parties' exchange of extensive written discovery and participation

22  in numerous proceedings.

23      By contrast, the present action was recently filed, and Universal Protection has

24  not even answered the Complaint.  No status conference has been held, no

25  scheduling order has been issued, and the parties have not begun responding to

26  discovery.

27      Given that the Related Actions were filed much earlier and are further

28  progressed than the present action, this factor favors a stay of this case.

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

**6.** **California Law Governs All But Plaintiffs' FLSA Wage Claim but California Wage Law Offers Greater Protection and Will Determine the FLSA Wage Claim, Favoring a Stay of This Case.**

The substantially identical claims in the Related Actions and in this action are governed by California law, with the exception of the FLSA claim. However, as set forth above, Plaintiffs' FLSA claims are subject to the same proof, are narrower in scope, and will be determined in their entirety by the state wage claims in the Related Actions. *See*, *Waterbury*, *supra*, 2006 WL 3147687, at *4; *Stockton Firefighters' Local 456*, *supra*, 2010 WL 3825674, at *5. This factor favors a stay of this action. *See*, *Garcia*, *supra*, 2011 U.S. Dist. LEXIS 95536 at *5; *De Simas*, *supra*, 2007 WL 686638 2007 at *7.

**7.** **The Related Actions Are Adequate to Protect the Rights of the Parties in This Case.**

As noted above, all claims at issue in this case, as well as those similarly alleged in the Related Actions, are state law claims brought under California wage and hour laws. As one federal district court noted in granting a stay of a wage and hour class action in similar circumstances, "the state court is manifestly competent to decide those California claims." *Daugherty*, *supra*, 2007 WL 1994187, at *16. Further, because the FLSA claim may be brought in state court and addressed by that court, the Related Actions adequately protect Plaintiffs' rights. *Torres v. Carescope, LLC* (E.D. Cal. May 11, 2016) No. 215CV00198 TLN CKD, 2016 WL 2743479 at *4. There is no reason to believe the state court proceedings will not adequately protect the rights of the parties in this action.

Because the balancing of the *Colorado River* factors clearly weighs in favor of a stay of the present action, Defendants' motion should be granted.

**B.** **The Principle of Judicial Comity Requires a Stay of This Action**

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153

DEFENDANTS' MPA'S ISO NOTICE OF MOTION AND MOTION OF TO STAY ACTION

1  (1936).  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *see also*,

2  *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir.2003) ("a federal court may stay its

3  proceedings based on comity even when none of the abstention doctrines requires

4  that it do so.").  A stay of this action is necessary and appropriate to avoid the parties

5  and the Court from being subject to hardship and inequality.  Further, no party will

6  serve to damage Plaintiffs or any member of the putative class, all of whom are

7  represented in the Related Actions.

8      The Ninth Circuit has set out the following framework for evaluating whether

9  a *Landis* stay is proper:

10  > Where it is proposed that a pending proceeding be stayed, the competing
11  > interests which will be affected by the granting or refusal to grant a stay must
   > be weighed. Among those competing interests are the possible damage which
12  > may result from the granting of a stay, the hardship or inequity which a party
   > may suffer in being required to go forward, and the orderly course of justice
13  > measured in terms of the simplifying or complicating of issues, proof, and
   > questions of law which could be expected to result from a stay.
14

15  *Lockyer*, *supra*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

16  (9th Cir. 1962)); *see also*, *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857,

17  863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its

18  own docket and the fairest course for the parties to enter a stay of an action before it,

19  pending resolution of independent proceedings which bear upon the case.  This rule

20  applies whether separate proceedings are judicial, administrative, or arbitral in

21  character, and does not require that the issues in such proceedings are necessarily

22  controlling of the action before the court.  In such cases the court may order a stay of

23  the action pursuant to its power to control its docket and calendar and to provide for

24  a just determination of the cases pending before it").

25      A stay of this action will promote judicial comity and economy because

26  decisions rendered in or resolutions of the Related Actions would have a material

27  impact on this case.  *Advanced Internal Techs., Inc. v. Google, Inc.*, 2006 WL

28

DEFENDANTS' MPA'S ISO NOTICE OF
MOTION AND MOTION OF TO STAY
ACTION

Carothers DiSante &
Freudenberger LLP

889477, at * 1–* 2 (N.D. Cal. 2006) (granting stay because related case would have material impact on the instant action, including that caused by preclusion and settlement).  Thus, Defendants would be required to consistently update the Court regarding material changes in the Related Actions, which may lead to unnecessary disputes between the parties about the impact of those actions on the instant case.  Additionally, a stay of this action will prevent it from causing control disputes between counsel representing the same putative class members or from being used as leverage to obstruct good faith efforts to resolve the class claims.  *Branca v. Iovate Health Sciences USA, Inc.*, 2013 WL 1344306, at * 1–* 2 (S.D. Cal. Apr. 2, 2013) (stay is appropriate where the real fight is between two plaintiff's firms for control of the class).

In sum, proceeding with this litigation would be inequitable and will cause Defendants extreme hardship.  Conversely, should Defendants' motion be granted, the Related Actions will continue to run their course and ultimately resolve all of Plaintiffs' class claims, allowing the parties and the Court to conserve resources.  Further, none of the Plaintiffs' or the putative class members' rights will be materially affected by a stay of this action.  Based on the foregoing, Defendants' motion for a stay of this action should be granted.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion should be granted and this action should be stayed.


Dated:  May 8, 2017          CAROTHERS DISANTE & FREUDENBERGER LLP



By:      /s/ Jeremy T. Naftel
                     Jeremy T. Naftel
Attorneys for Defendants
UNIVERSAL PROTECTION SERVICE, L.P., and
GUARDSMARK, L.L.C.