Jeremy T. Naftel, State Bar No. 185215
jnaftel@cdflaborlaw.com
Corey J. Cabral, State Bar No. 286712
ccabral@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue, Suite 200
Sacramento, California 95825
Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958

Attorneys for Defendants
UNIVERSAL PROTECTION SERVICE, LP DBA
ALLIED UNIVERSAL PROTECTION
SERVICES, UNIVERSAL PROTECTION
SERVICE, LP, and GUARDSMARK, GP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK STEMME, MAMADOU H. SY, WILLIAM H. DAVIS, JR., MOHAMMED Q MOHIUDDIN, ROLAIN ALEXIS, and LEO HAYNES individually,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ALLIED UNIVERSAL, UNIVERSAL PROTECTION SERVICE, L.P., GUARDSMARK, L.L.C. and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 8:17-cv-00001CJC-JCG<br><br>Judge: Cormac J. Carney<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Action Filed:   January 2, 2017 |

Carothers DiSante & Freudenberger LLP

Defendants Universal Protection Service, LP DBA Allied Universal Security Services (hereinafter "Allied Universal"), erroneously served as Allied Universal, Universal Protection Service, LP, erroneously sued as Universal Protection Service, L.P., and Guardsmark, GP, erroneously sued as Guardsmark L.L.C., (collectively "Defendants") hereby answer Plaintiffs' Fredrick Stemme, Mamadou H. Sy, William H. Davis, Jr., Mohammed Q. Mohiuddin, Rolain Alexis, and Leo Haynes (collectively "Plaintiffs") Second Amended Complaint ("SAC") by admitting, denying, and alleging as follows:

## NATURE OF THE ACTION

1.     Answering Paragraph 1 of the SAC, Defendants admit that Plaintiffs Fredrick Stemme, Mohammed Q. Mohiuddin, and Leo Haynes are uniformed security guards.  However, Plaintiffs Fredrick Stemme and Mohammed Q. Mohiuddin are currently on leaves of absence. Defendants deny that Plaintiffs Mamadou H. Sy, William H. Davis, Jr., and Rolain Alexis are uniformed security guards because they are no longer employed by Defendants.  Except as so admitted, Defendants deny each and every material allegation contained in said paragraph.

2.     Answering Paragraph 2 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required and that the SAC speaks for itself.  To the extent a response is required, Defendants deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that Plaintiffs are entitled to any relief whatsoever.  Except as so admitted, Defendants deny each and every material allegation contained in said paragraph.

## THE PARTIES

3.     Answering Paragraph 3 of the SAC, Defendant Allied Universal admits that it is a business entity doing business Universal Protection Service, LP DBA Allied Universal Security Services.  Defendant Allied Universal admits that it is the successor to Defendants Universal Protection Service, LP and/or Guardsmark, GP. Defendant Allied Universal admits that during the relevant times mentioned in the

1

1  SAC, it conducted and continues to conduct substantial and regular business
2  throughout California. Defendant Allied Universal admits that it operates a security
3  guard service. Defendant Allied Universal admits that it is an enterprise engaged in
4  interstate commerce and has had a gross volume of sales in excess of $500,000.
5  Defendant Allied Universal admits that it employs or employed Plaintiffs.
6  Defendant Allied Universal avers that remaining statements in this paragraph contain
7  no factual allegations to which a response is required. To the extent a response is
8  required, except as so admitted, Defendant Allied Universal denies each and every
9  material allegation contained in said paragraph.
10       4.     Answering Paragraph 4 of the SAC, Defendant Universal Protection
11 Service, LP admits that it is a business entity, organized and existing under the laws
12 of the State of California and headquartered in Santa Ana, Orange County,
13 California. Defendant Universal Protection Service, LP admits that during the
14 relevant times mentioned in the SAC, it conducted and continues to conduct
15 substantial and regular business throughout California. Defendant Universal
16 Protection Service, LP admits that it operates a security guard service. Defendant
17 Universal Protection Service, LP admits that it is an enterprise engaged in interstate
18 commerce and has had a gross volume of sales in excess of $500,000. Defendant
19 Universal Protection Service, LP admits that it employs or employed Plaintiffs.
20 Defendant Universal Protection Service, LP avers that remaining statements in this
21 paragraph contain no factual allegations to which a response is required. To the
22 extent a response is required, except as so admitted, Defendant Universal Protection
23 Service, LP denies each and every material allegation contained in said paragraph.
24       5.     Answering Paragraph 5 of the SAC, Defendant Guardsmark, GP avers
25 that Guardsmark, LLC, erroneously identified as Guardsmark, L.L.C., never
26 conducted business in California. Defendant Guardsmark, GP conducted business in
27 California. Defendant Guardsmark, GP admits that it is a general partnership
28 organized and existing under the laws of the State of Delaware and headquartered in

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1    Conshohocken, Montgomery County, Pennsylvania, though it is not currently

2    engaged in active operations. Defendant Guardsmark, GP admits that during the

3    relevant times mentioned in the SAC, it conducted substantial and regular business

4    throughout California.  Defendant Guardsmark, GP admits that it operated a security

5    guard service.  Defendant Guardsmark, GP admits that it is an enterprise that was

6    engaged in interstate commerce and, when the entity was operational, had a gross

7    volume of sales in excess of $500,000.  Defendant Guardsmark, GP admits that it

8    employed Plaintiffs.  Defendant Guardsmark, GP avers that remaining statements in

9    this paragraph contain no factual allegations to which a response is required.  To the

10   extent a response is required, except as so admitted, Defendant Guardsmark, GP

11   denies each and every material allegation contained in said paragraph.

12        6.        Answering Paragraph 6 of the SAC, Defendants admit that Fredrick

13   Stemme and Leo Haynes are current employees of Defendant Allied Universal.

14   Defendants admit that Plaintiffs Mamadou H. Sy, William H. Davis, Jr., and Rolain

15   Alexis are former employees of Defendants, or some of them, who worked for

16   Defendants, or some of them, within last three years preceding the filing of this

17   action.  Defendants deny that Mohammed Q. Mohiuddin is a former employee of

18   Defendants as he is a current employee on a leave of absence. Defendants admit that

19   Plaintiffs are or were classified as non-exempt employees paid on an hourly basis.

20   Defendants admit that Plaintiffs work or worked as uniformed security guards at

21   Ontario International Airport where Plaintiffs provide or provided security on day,

22   swing, or graveyard shifts to Defendants' customers. Defendant admits that

23   Plaintiffs' job duties involve or involved performing security checks of people and

24   motor vehicles to prevent unauthorized access to secure facilities, and periodic

25   monitoring of communication devices for communication and receipt of job

26   assignments. Defendants aver that remaining statements in this paragraph contain no

27   factual allegations to which a response is required.  To the extent a response is

28

3

1340659.1

1   required, except as so admitted, Defendants deny each and every material allegation

2   contained in said paragraph.

3           7.     Answering Paragraph 7 of the SAC, Defendants admit that they are or

4   were employers of Plaintiffs during the relevant times mentioned in the SAC.

5   Defendants aver that remaining statements in this paragraph contain no factual

6   allegations to which a response is required.  To the extent a response is required,

7   except as so admitted, Defendants deny each and every material allegation contained

8   in said paragraph.

9           8.     Answering Paragraph 8 of the SAC, as to all Doe Defendants, 2 through

10   10, Defendants lack sufficient knowledge or information to admit or deny the

11   allegations contained in this paragraph, and on that basis Defendants deny them.

12   Defendants aver that remaining statements in this paragraph contain no factual

13   allegations to which a response is required.  To the extent a response is required,

14   Defendants deny each and every material allegation contained in said paragraph.

15           9.     Answering Paragraph 9 of the SAC, Defendants aver that this paragraph

16   contains ambiguous terms and improperly combines all preceding paragraphs to

17   allege the position, status, or relationship of "every defendant" in a way that cannot

18   be clearly understood or answered in the aggregate. Defendants aver that remaining

19   statements in this paragraph contain no factual allegations to which a response is

20   required.  To the extent a response is required, except as so admitted, Defendants

21   deny each and every material allegation contained in said paragraph.

22                             **JURISDICTION AND VENUE**

23           10.     Answering Paragraph 10 of the SAC, Defendants admit that this Court

24   has jurisdiction of Plaintiffs' SAC and venue is proper. Defendants aver that

25   remaining statements in this paragraph contain no factual allegations to which a

26   response is required.  To the extent a response is required, Defendants deny each and

27   every material allegation contained in said paragraph.

28                               **FACTUAL ALLEGATIONS**

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

11.     Answering Paragraph 11 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

12.     Answering Paragraph 12 of the SAC, Defendants admit that Plaintiffs are current or former non-exempt employees of Defendants who work or worked as uniformed security guards at the Ontario International Airport. Defendants admit that they provide or provided around-the-clock security to their customers, including FedEx Corporation, at Ontario International Airport. Defendants deny that Plaintiffs personally provide or provided around-the-clock security for Defendants. Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

13.     Answering Paragraph 13 of the SAC, Defendants deny that they assigned handheld radios to Plaintiffs.  Defendants deny that, as a uniform company policy and practice, they required Plaintiffs to keep their handheld radios on, monitor them, and to remain vigilant and responsive to calls when needs arose during rest periods and unpaid meal breaks. Defendants deny that Plaintiffs were not relieved of duty during meal breaks. Defendants lack sufficient knowledge or information to admit or deny the allegation that Plaintiffs performed labor during meal breaks, and on that basis deny the allegations in this paragraph related thereto.  Defendants deny that Plaintiffs were not permitted to use paid rest periods for their own purposes. Defendants deny that Plaintiffs were not relieved of job duties during paid rest periods.  Defendants deny having or maintaining an unlawful pay policy. Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

14.   Answering Paragraph 14 of the SAC, Plaintiffs were not subject to any valid collective bargaining agreement that would preclude the claims contained in this Complaint.

15.   Answering Paragraph 15 of the SAC, Defendants deny that the nature of the work performed by Plaintiffs did not and does not prevent them from being relieved of all their duties for off-duty meal periods at times.  Defendants deny that Plaintiffs were not relieved of all their duties for off-duty meal periods at times.  Defendants deny that there are no written agreements between Plaintiffs, on the one hand, and Defendants, on the other hand, for on-duty paid meal periods.

16.   Answering Paragraph 16 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

17.   Answering Paragraph 17 of the SAC, Defendants deny the allegations.

18.   Answering Paragraph 18 of the SAC, Defendants deny the allegations.

19.   Answering Paragraph 19 of the SAC, Defendants deny the allegations.

## FIRST CAUSE OF ACTION
**Violations of the Fair Labor Standards Act (29 U.S.C. §201 *et seq*.)**
(By All Plaintiffs and the FLSA Collective Against All Defendants)

20.   Answering Paragraph 20 of the SAC, Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1-19 above.

[2]1.   Answering Paragraph [2]1 of the SAC, Defendants deny the allegations.

22.   Answering Paragraph 22 of the SAC, Defendants deny the allegations.

23.   Answering Paragraph 23 of the SAC, Defendants deny the allegations.

24.   Answering Paragraph 24 of the SAC, Defendants deny the allegations.

6

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

**SECOND CAUSE OF ACTION**
**Willful Failure to Provide Mandated Meal Breaks and Rest Periods**
California Labor Code §§ 226.7, 512
(By All Plaintiffs and the California Class Against all Defendants)

25.     Answering Paragraph 25 of the SAC, Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1-24 above.

26.     Answering Paragraph 26 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

27.     Answering Paragraph 27 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

28.     Answering Paragraph 28 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

29.     Answering Paragraph 29 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

30.     Answering Paragraph 30 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1  admit or deny the allegations contained in this paragraph, and on that basis

2  Defendants deny them.

3       31.     Answering Paragraph 31 of the SAC, Defendants deny the allegations.

4       32.     Answering Paragraph 32 of the SAC, Defendants deny the allegations.

5       33.     Answering Paragraph 33 of the SAC, Defendants deny the allegations.

6  **THIRD CAUSE OF ACTION**

Willful Failure to Pay Minimum Wage

7  California Labor Code §§1194, 1194.2, 1197

8  (By Plaintiffs Against All Defendants)

9       34.     Answering Paragraph 34 of the SAC, Defendants incorporate herein by

10  reference their answers to the allegations contained in Paragraphs 1-33 above.

11       35.     Answering Paragraph 35 of the SAC, Defendants aver that this

12  paragraph contains no factual allegations to which a response is required.  To the

13  extent a response is required, Defendants lack sufficient knowledge or information to

14  admit or deny the allegations contained in this paragraph, and on that basis

15  Defendants deny them.

16       36.     Answering Paragraph 35 of the SAC, Defendants deny the allegation

17  that they willfully failed and refused to pay Plaintiffs any minimum or regular wages

18  each workday during "meal breaks" during which employees were expected to

19  monitor handheld radios, remain vigilant, and respond to calls when needed.

20  Defendants aver that the remaining statements in this paragraph contain no factual

21  allegations to which a response is required.  To the extent a response is required,

22  Defendants lack sufficient knowledge or information to admit or deny the allegations

23  contained in this paragraph, and on that basis Defendants deny them.

24       37.     Answering Paragraph 37 of the SAC, Defendants deny the allegations.

25       38.     Answering Paragraph 38 of the SAC, Defendants deny the allegations.

26  **FOURTH CAUSE OF ACTION**

Unpaid Overtime Wages

27  California Labor Code §§ 510

28  (By Plaintiffs Against All Defendants)

8

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1    39.    Answering Paragraph 39 of the SAC, Defendants incorporate herein by
2    reference their answers to the allegations contained in Paragraphs 1-38 above.

3    40.    Answering Paragraph 40 of the SAC, Defendants aver that this
4    paragraph contains no factual allegations to which a response is required.  To the
5    extent a response is required, Defendants lack sufficient knowledge or information to
6    admit or deny the allegations contained in this paragraph, and on that basis
7    Defendants deny them.

8    41.    Answering Paragraph 41 of the SAC, Defendants deny the allegations.

9    42.    Answering Paragraph 42 of the SAC, Defendants deny the allegations.

10    43.    Answering Paragraph 43 of the SAC, Defendants deny the allegations.

11    **<u>FIFTH CAUSE OF ACTION</u>**
Failure to Provide Accurate Itemized Pay Statements
12    California Labor code §§ 226
13    (By Plaintiffs Against All Defendants)

14    44.    Answering Paragraph 44 of the SAC, Defendants incorporate herein by
15    reference their answers to the allegations contained in Paragraphs 1-43 above.

16    45.    Answering Paragraph 45 of the SAC, Defendants aver that this
17    paragraph contains no factual allegations to which a response is required.  To the
18    extent a response is required, Defendants lack sufficient knowledge or information to
19    admit or deny the allegations contained in this paragraph, and on that basis
20    Defendants deny them.

21    46.    Answering Paragraph 46 of the SAC, Defendants deny the allegations.
22    *See Maldonado v. Epsilon Plastics, Inc.*, No. B278022, 2018 WL 2123889, at *16-
23    *18 (Cal. Ct. App. Apr. 18, 2018).

24    47.    Answering Paragraph 47 of the SAC, Defendants deny the allegations.
25    *See Maldonado v. Epsilon Plastics, Inc.*, No. B278022, 2018 WL 2123889, at *16-
26    *18 (Cal. Ct. App. Apr. 18, 2018).

27    / / /
28    / / /

9

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

## SIXTH CAUSE OF ACTION
Willful Failure to Timely Pay Wages When Due at Termination
California Labor Code §§201-203
(By Plaintiffs Mamadou H. Sy, William H. Davis, Jr., Mohammed Q. Mohiuddin,
and Rolain Alexis Against All Defendants)

48.    Answering Paragraph 48 of the SAC, Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1-47 above.

49.    Answering Paragraph 49 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and on that basis Defendants deny them.

50.    Answering Paragraph 50 of the SAC, Defendants deny the allegations.

51.    Answering Paragraph 51 of the SAC, Defendants admit that more than three (3) days have passed since Plaintiffs Mamadou H. Sy, William H. Davis, Jr., Mohammed Q. Mohiuddin, and Rolain Alexis have left Defendants' employ. Defendants deny that Plaintiffs are owed any unpaid sums. Defendants deny that Plaintiffs have not absented themselves or made themselves unavailable for payment of any unpaid sums there may be.

52.    Answering Paragraph 52 of the SAC, Defendants deny the allegations.

53.    Answering Paragraph 53 of the SAC, Defendants deny the allegations.

## SEVENTH CAUSE OF ACTION
Unfair Competition Law
Business & Professions Code §17200 et seq.
(By Plaintiffs Against All Defendants)

54.    Answering Paragraph 54 of the SAC, Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1-53 above.

55.    Answering Paragraph 55 of the SAC, Defendants aver that this paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1  admit or deny the allegations contained in this paragraph, and on that basis

2  Defendants deny them.

3      56.    Answering Paragraph 56 of the SAC, Defendants deny the allegations.

4      57.    Answering Paragraph 57 of the SAC, Defendants deny the allegations.

5      58.    Answering Paragraph 58 of the SAC, Defendants deny the allegations.

6      59.    Answering Paragraph 59 of the SAC, Defendants deny the allegations.

7      60.    Answering Paragraph 60 of the SAC, Defendants deny the allegations.

8      61.    Answering Paragraph 61 of the SAC, Defendants deny the allegations.

9      62.    Answering Paragraph 62 of the SAC, Defendants aver that this

10  paragraph contains no factual allegations to which a response is required.  To the

11  extent a response is required, Defendants lack sufficient knowledge or information to

12  admit or deny the allegations contained in this paragraph, and on that basis

13  Defendants deny them.

14      63.    Answering Paragraph 63 of the SAC, Defendants deny the allegations.

15      64.    Answering Paragraph 64 of the SAC, Defendants deny the allegations.

16  **RESPONSES TO PRAYER FOR RELIEF**

17      1.    Answering Paragraph 1 of the Prayer for Relief in the SAC, Defendants

18  deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that

19  Plaintiffs are entitled to any of the relief requested.

20      2.    Answering Paragraph 2 of the Prayer for Relief in the SAC, Defendants

21  deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that

22  Plaintiffs are entitled to any of the relief requested.

23      3.    Answering Paragraph 3 of the Prayer for Relief in the SAC, Defendants

24  deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that

25  Plaintiffs are entitled to any of the relief requested.

26      4.    Answering Paragraph 4 of the Prayer for Relief in the SAC, Defendants

27  deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that

28  Plaintiffs are entitled to any of the relief requested.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

5.     Answering Paragraph 5 of the Prayer for Relief in the SAC, Defendants deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that Plaintiffs are entitled to any of the relief requested.

6.     Answering Paragraph 6 of the Prayer for Relief in the SAC, Defendants deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that Plaintiffs are entitled to any of the relief requested.

7.     Answering Paragraph 7 of the Prayer for Relief in the SAC, Defendants deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that Plaintiffs are entitled to any of the relief requested.

8.     Answering Paragraph 8 of the Prayer for Relief in the SAC, Defendants deny that they have engaged in any unlawful conduct toward Plaintiffs and deny that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defense contained herein at any time.  Nothing stated herein shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following separate affirmative defenses to the SAC:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     The SAC, and each cause of action alleged therein, fails to state facts sufficient to state a claim on which relief can be granted.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.     Plaintiffs' alleged causes of action are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Business and Professions Code § 17208 and California Code of Civil Procedure § 338(a).

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims, and each of them, are barred because Plaintiffs failed to raise their alleged claims in a timely fashion.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.     Plaintiffs have waived the right, by reason of their conduct and actions, to assert the claims alleged in the SAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     Plaintiffs' alleged causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.     Plaintiffs' alleged causes of action, and each of them, are barred, in whole or in part, by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.     Plaintiffs' alleged causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

## EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

8.    The SAC, and each cause of action therein, is barred, in whole or in part, by the defense of accord and satisfaction to the extent that the claims of Plaintiffs, some or all of them, have been settled and/or released.

## NINTH AFFIRMATIVE DEFENSE

### (Privilege/Legitimate Business Reasons)

9.    The SAC, and each cause of action contained therein, is barred in whole or in part because Defendants had an honest, good faith belief that all decisions, if any, affecting Plaintiffs were made by Defendants solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendants understood them.

## TENTH AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

10.    The relief requested by Plaintiffs pursuant to California Business and Professions Code Sections 17200 et seq., violates Defendants' constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State or Federal Law)

11.    Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 et seq., because they are not liable to Plaintiffs for any alleged violation of any underlying state or federal laws.

## TWELFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

12.    Plaintiffs are precluded from recovering attorneys' fees from

14

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1  Defendants under applicable provisions of law, including, without limitation,

2  California Code of Civil Procedure §§ 1021 or 1021.5.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  (Failure to Mitigate)

5      13.    Defendants are informed and believe, and on that basis allege, that

6  Plaintiffs, in the exercise of reasonable diligence, could have mitigated the alleged

7  monetary damages to themselves and that Plaintiffs failed to exercise such

8  reasonable diligence and have not mitigated such alleged monetary damages.  By

9  reason thereof, Plaintiffs are barred, in whole or in part, from recovering any

10 damages from Defendants.

11 **FOURTEENTH AFFIRMATIVE DEFENSE**

12 (Bad Faith)

13     14.    The SAC was brought by Plaintiffs in bad faith and is frivolous and by

14 reason of the conduct stated herein, Defendants are entitled to, and will seek,

15 reasonable expenses, including attorneys' fees, incurred in defending this action

16 pursuant to applicable statute, including, but not limited to California Code of Civil

17 Procedure Section 128.7 and Federal Rule of Civil Procedure 11.

18 **FIFTEENTH AFFIRMATIVE DEFENSE**

19 (Benefits of Business Practice)

20     15.    Defendants are not liable for violation of unfair business practices

21 pursuant to California Business and Professions Code Sections 17200, *et seq.*,

22 because the benefits of Defendants' practices to Plaintiffs outweigh whatever

23 particular harm or impact the practices allegedly cause them.

24 **SIXTEENTH AFFIRMATIVE DEFENSE**

25 (No Unfair, Misleading, or Deceptive Business Practices)

26     16.    Defendants are not liable for violation of unfair business practices

27 pursuant to California Business and Professions Code Sections 17200, *et seq.*,

28 because their business practices were not unfair, not deceptive, and not likely to

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1    mislead anyone.

2    ## SEVENTEENTH AFFIRMATIVE DEFENSE

3    (No Willfulness)

4    17.    Defendants did not act willfully or with knowledge or reckless disregard

5    as to whether its conduct violated California or federal wage and hour laws.

6    ## EIGHTEENTH AFFIRMATIVE DEFENSE

7    (Comparative Fault)

8    18.    Defendants' conduct is not the sole and proximate cause of the alleged

9    damages and losses, if any, of Plaintiffs.  Any damages awarded to Plaintiffs must be

10   apportioned according to the respective fault and legal responsibility of all parties,

11   persons, and entities, or their agents and employees who contributed to and/or caused

12   the alleged damages, if any, according to the proof presented at the time of trial.

13   ## NINETEENTH AFFIRMATIVE DEFENSE

14   (No Knowledge, Authorization, or Ratification)

15   19.    Defendants are not liable for the alleged damages because, if any person

16   or entity engaged in intentional, willful, or unlawful conduct as alleged in the SAC,

17   he/she/it did so without the knowledge, authorization, or ratification of Defendants.

18   ## TWENTIETH AFFIRMATIVE DEFENSE

19   (No Entitlement To Restitution)

20   20.    Plaintiffs are precluded from recovering restitution, in whole or in part,

21   from Defendants, under the applicable provisions of the law because Plaintiffs

22   cannot specify quantifiable monetary amounts converted from Plaintiffs by

23   Defendants for which restitution is owed.

24   ## TWENTY-FIRST AFFIRMATIVE DEFENSE

25   (No Injury in Fact or Loss of Money and Property)

26   21.    Defendants allege on information and belief that Plaintiffs have not

27   sustained the required injury in fact and/or lost the requisite money or property

28   necessary to confer standing pursuant to California Business and Professions Code

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

§§ 17200, *et seq.*

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply With Employer's Directions – Labor Code Section 2856)

22.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply substantially with all the directions of Defendants concerning the service for which they were engaged.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.     If it is determined that Defendants owe monetary damages to Plaintiffs, Defendants are entitled to an offset to the extent Plaintiffs owe money to Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

24.     Plaintiffs' claims for monetary relief are barred, in whole or in part, on the basis of the avoidable consequences doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

25.     The conduct of Plaintiffs was *in pari delicto*, and such conduct bars or proportionately reduces Plaintiffs' claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure of Common Question of Law or Fact)

26.     Plaintiffs have failed to adequately plead the elements which are necessary for joinder of their claims because they have failed to demonstrate the requisite common questions of law or fact common to all parties joined.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Same Transaction Or Series Of Transactions)

27.     Plaintiffs have failed to adequately plead the elements which are necessary for joinder of their claims because they have failed to demonstrate that their claims arise from the same transaction or series of transactions.

17

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (On-Duty Meal Period Agreements)

28.　Any claimed meal period violation fails as a matter of law as to Plaintiffs, or any of them, because they voluntarily entered into agreements for a paid, on-duty meal period and the nature of the work prevented Plaintiffs from being relieved of all duty.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

29.　Defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve herein the right to assert additional defenses in the event discovery or an investigation indicates that they would be appropriate.

## I. PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiffs;
2. That Plaintiffs take nothing by their SAC and that said SAC be dismissed, in its entirety, with prejudice;
3. That Defendants be awarded their costs of suit herein;
4. That Defendants be awarded reasonable attorneys' fees; and
5. For such other additional relief as this Court deems just and proper.

Dated:  May 25, 2018

CAROTHERS DISANTE & FREUDENBERGER LLP

By: /s/ Jeremy T. Naftel

Jeremy T. Naftel
Attorneys for Defendants
UNIVERSAL PROTECTION SERVICE, LP DBA
ALLIED UNIVERSAL SECURITY SERVICES,
UNIVERSAL PROTECTION SERVICE, LP, and
GUARDSMARK, GP

18

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1340659.1

1

## <u>PROOF OF SERVICE</u>

2

3      STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4

5          I, the undersigned, declare that I am employed in the aforesaid County, State
of California.  I am over the age of 18 and not a party to the within action.  My
business address is 900 University Avenue, Suite 200, Sacramento, California 95825.

6      On May 25, 2018, I served upon the interested party(ies) in this action the following
document described as: DEFENDANT UNIVERSAL PROTECTION SERVICES

7      LP'S ANSWER TO PLAINTIFF'S SECOND AMEMDED COMPLAINT

8          By placing a true copy thereof enclosed in sealed envelope(s) addressed as
stated below: for processing by the following method:

9

10     ROSE LAW, A PROF. CORP.              VELARDE & VELARDE
       Joseph W. Rose                       Michael E. Velarde
       Mehran Tahoori                       1750 S. Coast Hwy, STe. 8

11     11335 Gold Express Drive, Suite 135  Laguna Beach, CA 92651
       Gold River, California 95670

12                                          FAX: (949) 606-7168
       FAX: (916) 290-0148                  E-MAIL:

13     E-MAIL: legalteam@joeroselaw.com     mvelarde@michaelvelardelaw.com

14

15     ☒   By placing such envelope(s) with postage thereon fully prepaid into Carothers
           DiSante & Freudenberger LLP's interoffice mail for collection and mailing
           pursuant to ordinary business practice.  I am familiar with the office practice

16         of Carothers DiSante & Freudenberger LLP for collecting and processing mail
           with the United States Postal Service, which practice is that when mail is

17         deposited with the Carothers DiSante & Freudenberger LLP personnel
           responsible for depositing mail with the United States Postal Service, such

18         mail is deposited that same day in a post box, mailbox, sub-post office,
           substation, mail chute, or other like facility regularly maintained by the United

19         States Postal Service in Sacramento, California.

20         I certify that I am employed in the office of a member of the bar of this Court
at whose direction the service was made.

21

22         Executed on May 25, 2018, at Sacramento, California.

           I declare under penalty of perjury that the foregoing is true and correct.

23

24     _____         /s/ *Erin Sanchez*
            Erin Sanchez

25         (Type or print name)                    (Signature)

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT